OPINION
Appellant Samuel Brodzenski is appealing the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted permanent custody of Jacob Brodzenski to the Stark County Department of Human Services ("Agency"). The following facts give rise to this appeal.
The Agency first became involved with the Brodzenski/Crallie family in January of 1996, following allegations of sexual abuse, against appellant, by the appellant's daughter and step-daughter. Following these allegations, the children remained in Gail Brodzenski's custody, their mother, until she permitted appellant to move back into the family residence in July of 1996. After appellant returned to the family residence, the trial court placed the children in the temporary custody of the Agency.
Appellant and Gail Brodzenski first appeared, in court, on October 9, 1996. At that time, appellant was incarcerated on domestic violence charges against Gail Brodzenski. On this date, the trial court adopted the case plan, which required appellant to attend Melymbrosia and Quest. The trial court also issued a no contact order between appellant and the children. Appellant failed to address his anger management problems and on May 1, 1997, the Agency filed a motion for permanent custody with regards to Jacob Brodzenski. The trial court originally scheduled the hearing on the Agency's motion for permanent custody on July 28, 1997. The trial court continued this hearing until October 9, 1997. Neither parent attended the hearing. Following the hearing, the trial court granted permanent custody of Jacob Brodzenski to the Agency.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT PROCEEDED TO HOLD THE PERMANENT CUSTODY TRIAL EVEN THOUGH APPELLANT WAS NOT SERVED WITH THE PERMANENT CUSTODY TRIAL DATE.
 II. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 III. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
In his first assignment of error, appellant contends he was not served with the permanent custody trial date and therefore, the trial court lacked jurisdiction in this matter. We disagree.
This matter was originally scheduled for a hearing, on the Agency's motion for permanent custody, on July 28, 1998. The court docket indicates that appellant was served by certified mail and by publication with the original hearing date. The trial court subsequently continued the hearing date, in this matter, until October 9, 1997. Notice of the new hearing date was sent certified mail, to appellant, on July 31, 1997. However, neither the docket nor the case file indicates appellant ever received certified mail notice. Further, there is no indication, on the docket or in the case file, that any attempt was made to serve appellant by publication concerning the rescheduled hearing date.
Appellant contends that based upon this failure of service, the trial court lacked jurisdiction to proceed with the Agency's motion for permanent custody. In support of his argument, appellant relies upon the case of In re Roberts Children (Oct. 14, 1997), Stark App. No. 96-CA-0387, unreported. In Roberts, we found the trial court lacked jurisdiction to proceed on a hearing for permanent custody because appellant had not been properly served with notice of the permanent custody hearing.
We find the Roberts case distinguishable from the case subjudice because Roberts addresses a complete failure to serve a party with the notice of hearing on the Agency's motion for permanent custody. In the case at bar, appellant was properly served, by publication, with notice of the hearing date. However, after the hearing date was continued, the record indicates appellant did not receive certified mail notice of the rescheduled hearing date.
We do not find this failure of service, of the continued hearing date, denied the trial court jurisdiction to hear the motion to terminate appellant's parental rights. It is clear from the record that appellant knew of the new hearing date. At the hearing, appellant's counsel informed the trial court that he had spoken to appellant the day before the scheduled hearing and the day of the hearing and that appellant would not be able to attend the hearing because he did not have the funds to return to Ohio from Tennessee. Tr. at 5-6. Based upon the evidence contained in the record, it is clear appellant knew the Agency filed a motion to terminate his parental rights. Appellant also knew of the rescheduled hearing date because his counsel spoke to him the day before the scheduled hearing and the day of the hearing. Further, appellant indicated he would not be able to attend the hearing. As such, we find appellant had notice of the hearing as required by R.C. 2151.414(A).
Appellant's first assignment of error is overruled.
 II, III
In his second and third assignments of error, appellant contends the trial court's decision is against the manifest weight of the evidence. We disagree.
As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,281. It is based upon this standard that we review appellants' second and third assignments of error.
The relevant statute, in reviewing appellants' assignments of error, is R.C. 2151.414. This statute provides:
 (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
 (2) The child is abandoned and the parents cannot be located;
 (3) The child is orphaned and there are no relatives of the child who are able to take permanent custody.
In determining the best interest of the child, R.C.2151.414(D) provides:
 In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 * * * or division (C) of section 2151.415 * * * of the Revised Code, the court shall consider all relevant factors, including, but not limited to the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
Based upon our review of the record, we find the trial court's determination that it was in the best interest of the minor child to grant permanent custody to the Agency is not against the manifest weight of the evidence. The record in this matter supports the trial court's conclusion that the minor child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents.
Norma Thorpe, a social worker from the Agency, testified at the hearing. At the time the Agency became involved with the Brodzenski family, there were concerns of substance abuse, domestic violence and sexual abuse of the girls by appellant. Tr. at 8-9. As part of the case plan, appellant was required to attend Quest and Melymbrosia. Tr. at 9. Although appellant did go to one appointment at Melymbrosia, he did not complete the evaluation at Melymbrosia or anger management counseling. Tr. at 18. Appellant did complete Quest. Tr. at 21.
Sondra Fronimo, a counselor from Melymbrosia, also testified at the hearing. She stated that she attempted to perform a risk assessment of appellant in November of 1996. Tr. at 33-34. Appellant acknowledged being verbally, psychologically, environmentally and physically abusive. Tr. at 35-36. Appellant went back to Melymbrosia in February of 1997. Tr. at 36. Appellant had a strong odor of alcohol about him and admitted he had been drinking. Tr. at 36-37. Appellant also appeared at Melymbrosia on March 7, 1997, but failed to appear for his appointment scheduled for March 14, 1997. Tr. at 37. Appellant did not reschedule his missed appointment and instead left a message, at Melymbrosia, that the agency was not to call his residence again. Tr. at 37. Appellant never completed the risk assessment. Tr. at 37.
Clearly, based upon the evidence, appellant has made no effort to reunify with the minor child. The evidence supports the trial court's conclusion that the best interests of the minor child is served by the grant of permanent custody to the Agency as the child cannot be placed with either parent within a reasonable period of time and should not be placed with either parent.
However, in addition to the best interest determination, the trial court must also consider the factors set forth in R.C.2151.414(E)(1). Section (E) provides as follows:
 (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 * * * of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 * * * of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
The trial court found the following factors present under R.C.2151.414(E):
 (1) Following the placement of Jacob Brodzenski outside his home and notwithstanding reasonable case planning and diligent efforts by the Stark County Department of Human Services to assist the parents to remedy the problems that initially caused him to be placed outside the home, the parents have failed continuously and repeatedly for a period of six (6) months to substantially remedy the conditions causing the child to be placed outside his home.
 (2) Both parents have demonstrated a lack of commitment toward their child by failing to regularly support, visit and communicate with him when able to do so.
 (3) The parents are unwilling or unable to provide food, clothing, shelter and other basic necessities for this child.
 (4) This child cannot and/or should not be placed with either parent at this time or in the foreseeable future. Judgment Entry, October 22, 1997, at 4.
As noted above, the evidence clearly supports the trial court's findings under R.C. 2151.414(E). The trial court's finding that the minor child could not be placed with appellant within a reasonable time or should not be placed with appellant is not against the manifest weight of the evidence. The trial court's conclusion, that the child's best interests are served by granting permanent custody to the Agency, is also supported by the weight of the evidence.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
By: Wise, J., Gwin, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.